# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PATRICIA ANN GOODIN**                                                         **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 3:15CV789 LRA**

**NANCY BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**[1]                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Patricia Goodin appeals the final decision denying her application for a period of disability and disability insurance benefits ("DIB"). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the Court finds that the decision should be affirmed.

On March 12, 2012, Goodin filed an application for DIB alleging a disability onset date of December 31, 2011, due to osteoarthritis. She was 49 years old on her alleged onset date, with one semester of community college and work experience as a secretary. Following agency denials of her application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that she had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review. She now appeals that decision.

---

[1] Nancy Berryhill is substituted for her predecessor, Carolyn W. Colvin, as Acting Commissioner of Social Security. Fed. R. Civ. P. 25(d).

At step one of the five-step sequential evaluation,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that although Plaintiff had the following medically determinable impairments: osteoarthritis of the hands, fingers, and knees, it was not medically severe. Based on the evidence as a whole, the ALJ concluded that Plaintiff failed to establish a disability under the Social Security Act since her alleged onset date.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d at 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

---

[2] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

**Discussion**

Plaintiff contends that this case should be reversed or alternatively remanded because the ALJ failed to find that her osteoarthritis was a severe impairment, and failed to properly evaluate all of the objective medical evidence of record. The Court considers these issues intertwined in this case and addresses them accordingly.

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 435 (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A)). The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using a sequential evaluation. The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step -- whether a claimant can perform work existing in significant numbers in the national economy -- rests with the Commissioner. Significantly, the Commissioner only has the burden of proof at step five, while the claimant has the burden of making the threshold showing that the impairment is medically severe at step two. An impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff testified that constant pain and limitations caused by osteoarthritis in her fingers, hands, and knees preclude her from working. She claims that

3

she limps and has trouble standing for longer than 15-20 minutes at a time because of pain and swelling in her right knee. She also has difficulty squatting, climbing stairs, and picking up and gripping objects, so much so that she does not trust her grip strength. Plaintiff acknowledged that her arthritis medication helps, explaining that "it made a world of difference," but testified that the pain never completely goes away. She is still able to drive, attend to her personal needs, and perform household chores, but testified that it takes her a little longer.[3]

Applying the severity standard promulgated in *Stone*, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that were medically severe from her alleged onset date through the date of the ALJ's decision. The ALJ noted that Plaintiff's osteoarthritis was established by objective evidence and could reasonably be expected to produce the alleged symptoms. However, her statements regarding their intensity, persistence, and limiting effects of her symptoms did not credibly establish that they were medically severe. When a claimant's statements concerning the intensity, persistence, or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding on their credibility and that determination is entitled to considerable deference. *Foster v. Astrue*, 277 F. App'x. 462 (5th Cir. 2008).

Plaintiff argues that the ALJ was required to consider all the record evidence, but selectively chose only the evidence that supported his position in contravention of

---

[3] ECF No. 10, pp. 29-48.

controlling precedent and social security rulings and regulations. *Loza v. Apfel*, 219 F.2d 378, 393 (5th Cir. 2000). She notes that in dismissing her claims at step two, the ALJ discussed X-rays showing she had no severe orthopedic knee problems in 2012, but failed to mention X-rays of her left hand showing "degenerative DIP joint changes noted at the second through fifth digits, most significantly involving the third digit." She alleges that the ALJ also failed to consider updated radiological evidence submitted after the administrative hearing confirming her osteoarthritis diagnoses, i.e., X-ray reports from Webster Arthritis Clinic in April 2014 showing swelling of the third digit on the right hand, and moderate crepitus of the right knee with tenderness, swelling, and decreased range of motion. Plaintiff maintains that this evidence substantiates her allegations, and the ALJ's failure to account for it before dismissing her claim at step two warrants remand.[4]

It is well-established law that while an ALJ is not required to discuss every piece of evidence in evaluating a disability claim, he may not ignore probative evidence. *Id.* at 393; *see also Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "A finding that a claimant is not disabled at any step in the five-step process is conclusive and terminates the Commissioner's analysis." *Wren v. Sullivan*, 925 F.2d 123, 125-26 (5th Cir. 1991). A dismissal at step two without consideration of all the evidence "can result in the premature, improper cessation of the sequential analysis to the prejudicial detriment of the claimant." *Pena v. Astrue*, No. M-14-914, 2015 WL 10550964, at * 8 (S.D. Tex.

---

[4] ECF No. 10, pp. 157-174.

Dec. 30, 2015). The mere diagnosis of an impairment is insufficient to establish severity. At step two of the sequential evaluation, the claimant bears the burden of proving not only that she has been diagnosed with a medically determinable impairment, but that it also affects her ability to do basic work activities. *Brunson v. Astrue*, 387 F. App'x. 459, 461 (5th Cir. 2010) (per curiam) (unpublished). The relevant inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza*, 219 F.2d at 393. The record yielded substantial evidence here.

A consultative examination performed in April 2012 revealed "mild synovitis changes in the small joints of the hand and feet with mild swelling of the DIP and PIP joints in both hands." Notwithstanding, Plaintiff had normal hand function – normal grip and dexterity in both hands with full motor strength despite her testimony to the contrary. She had difficulty squatting during the examination but had only a 5-degree reduction of flexion in the right knee. She otherwise had full flexion, normal extension, and no range-of-motion limitation in her knees or any other extremity. No limp was reported or documented by the examiner.[5]

Treatment records before and after the consultative examination, while minimal, reveal similar findings. Primary care records from 2011 through 2013 reveal Plaintiff did not complain of joint pain or limitation until October 2012. Knee joint tenderness and abnormal range of motion were noted at that time, but the examination otherwise yielded

---

[5] ECF No. 10, pp. 148-151.

normal findings.  Subsequent examinations through December 2013 reflect complaints of joint pain on two occasions but no abnormalities or symptomology upon examination.  No limitations in standing, walking, or gripping were documented.[6]

In addition to this evidence, the ALJ observed that Plaintiff began seeing an arthritis specialist in 2007, but she did not return for follow-up treatment after 2008 until December 2012.  She was prescribed medication in response to her complaints of widespread pain and by the following month, she reported feeling "significantly better."  She had some right knee effusion but normal range of motion, no tenderness, and no synovitis of her joints despite exuberant osteoarthritis of the hands.  It is not insignificant, as noted by the ALJ, that when Plaintiff last saw her arthritis specialist in July 2013, she reported having less than 30 minutes of morning stiffness due to osteoarthritis.  She was described as being in "dramatically less pain" as the result of medication with no side effects reported.  Despite her testimony that she limps and has poor grip strength, no soft tissue swelling, significant changes in gait, or loss of upper extremity function were observed.[7]

In conjunction with the clinical findings of Plaintiff's examining and treating sources, the ALJ also gave great weight to a state agency physician's opinion that Plaintiff's osteoarthritis was not medically severe, noting that it was consistent with the overall evidence.

---

[6] *Id.* at. 157-174, 255-291.

[7] ECF No. 10, pp. 175-254.

Plaintiff alleges that the ALJ ignored favorable evidence, but the undersigned does not so read the ALJ's decision. "The fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record." *Brunson*, 387 F. App'x. at 461. While the ALJ did not discuss every x-ray report of record, he acknowledged that her osteoarthritis was documented by radiographic testing showing degenerative changes to her hands and right foot. He also credited medical evidence indicating osteoarthritis in her knees, as evidenced by his finding that it too was a medical determinable impairment. He then weighed the objective evidence establishing Plaintiff's osteoarthritis as a medically determinable impairment against her daily activities and alleged limitations. He found her statements about how her osteoarthritic symptoms affected her capacity to work to be both inconsistent and contrary to other information of record. The credibility determination is entitled to considerable deference, supported by substantial evidence, and in compliance with controlling law.

A claimant's failure to seek treatment is a relevant factor to consider in determining the severity of an alleged impairment, and may be used in conjunction with the claimant's daily activities and medical reports to discount complaints of disabling pain or other limitations. *Doss v. Barnhart,* 137 F. App'x 689, 690 (5th Cir. 2005); *Anthony v. Sullivan,* 954 F.2d at 295; *Griego v. Sullivan,* 940 F.2d 942, 945 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). The absence of objective indicators and other symptomology may also be considered in evaluating a claimant's

claims. *Adams v. Bowen,* 833 F.2d 509, 512 (5th Cir. 1987).[8] "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *LeBlanc v. Chater*, 83 F.3d 419 (5th Cir. 1996) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)). The radiological evidence highlighted by Plaintiff on appeal, while further confirming that her osteoarthritis is a medical determinable impairment, does little to change the ALJ's other findings: Plaintiff did not pursue or require ongoing medical care for the conditions she alleged rendered her unable to work. Medications were effective in controlling her symptoms with no reported side effects, despite her report of constant unremitting pain. No examining or treating source concluded that her osteoarthritis produced functional limitations that would impact her ability to work. As a whole, the record failed to establish "more than minimal functional limitations which have persisted continuously for at least twelve months."[9]

The Court is mindful that the severity threshold requires the claimant to make a fairly *de minimis* showing. Given the evidence as stated, the Court's review of the record compels a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision.

---

[8] *See also* 20 C.F.R. § 404.1529 ("Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, are considered in making a determination as to whether your impairment or combination of impairment(s) is severe.").

[9] ECF No. 10, p. 23.

9

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion to Affirm the Commissioner's Decision is hereby granted, and Plaintiff's appeal is dismissed with prejudice. A Final Judgment in favor of the Commissioner shall be entered.

SO ORDERED on September 26, 2017.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE